UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

      -against-

MICHAEL ABIDEMI ADELEKE, Licensed Practical Nurse, Bedford Hills Correctional Facility; CAPTAIN PAUL ARTUZ, Deputy Superintendent for Security, Bedford Hills Correctional Facility; MARTHA BALL, Acting Deputy Chief of Sex Crimes, Office of Special Investigations; JASON EFFMAN, Associate Commissioner and PREA Coordinator; BRETT FUSCO, Sergeant, Bedford Hills Correctional Facility; AILEEN MCCARTHY, Deputy Superintendent of Health, Bedford Hills Correctional Facility; EILEEN RUSSELL, Superintendent, Bedford Hills Correctional Facility; LAURA SCHADE, Assistant Deputy Superintendent and PREA Compliance Manager, Bedford Hills Correctional Facility; SHARON SIMONS, Corrections Officer, Bedford Hills Correctional Facility; PATRICIA TSURUGA, Nurse Administrator, Bedford Hills Correctional Facility; JOHN and JANE DOE 1-15, Corrections Officers, Bedford Hills Correctional Facility; JOHN and JANE SMITH 1-15, Medical Staff Employees, Bedford Hills Correctional Facility,

                  Defendants.

No. 25 Civ. 6930

## PLAINTIFF JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO PROCEED UNDER A PSEUDONYM

<u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

TABLE OF AUTHORITIES ....................................................................................ii-iii

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT ....................................................................................1

    I.    MS. DOE HAS A SIGNIFICANT INTEREST IN PROCEEDING UNDER A PSEUDONYM....................................................................................3

        A.    Ms. Doe's Case Involves Highly Sensitive and Personal Matters...............3

        B.    Disclosure of Her Identity Poses a Risk of Substantial Harm to Ms. Doe....................................................................................4

            1.    Ms. Doe Has a Reasonable Fear of Psychological Harm ................4

        C.    Defendants' Status as Government Employees Further Supports Ms. Doe's Anonymity....................................................................................7

    II.    DEFENDANTS ARE NOT PREJUDICED BY MS. DOE'S ANONYMITY .......8

    III.    THERE IS NO PUBLIC INTEREST IN DISCLOSING MS. DOE'S IDENTITY....................................................................................9

CONCLUSION....................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Doe No. 2 v. Kolko*,
    242 F.R.D. 193 (E.D.N.Y. 2006) ............................................................ 4, 6, 7, 9

*Doe on behalf of Doe No.1 v. Nygard*,
    No. 20 Civ 6501, 2020 WL 4890427 (S.D.N.Y. Aug. 20, 2020) ..................................... 9

*Doe v. Baram*,
    No. 20 Civ 9522, 2021 WL 3423595 (S.D.N.Y. Aug. 5, 2021) ..................................... 3, 9

*Doe v. Colgate Univ.*,
    No. 5:15 Civ. 1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ................................... 9

*Doe v. Cruz*,
    No. 24 Civ 0989, 2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024)................................ passim

*Doe v. Doe*,
    No. 20 Civ. 5329, 2020 WL 6900002 (E.D.N.Y. Nov. 24, 2020) .................................... 5

*Doe v. Gooding*,
    No. 20 Civ. 06569, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022)........................... 3, 9, 10

*Doe v. Kachalia*,
    No. 23 Civ. 10395, 2023 WL 8452446 (S.D.N.Y. Dec. 6, 2023)..................................... 2

*Doe v. Kogut*,
    No. 15 Civ. 7726 (S.D.N.Y. Oct. 20, 2015)........................................................ 3

*Doe v. Montefiore Medical Center*,
    No. 12 Civ. 00686 (S.D.N.Y. Mar. 22, 2012)..................................................... 3

*Doe v. Polise Consulting Engineers*,
    No. 21 Civ. 00609 (S.D.N.Y. Jan. 28, 2021).................................................... 3

*Doe v. Smith*,
    105 F. Supp. 2d 40 (E.D.N.Y. 1999) ............................................................ 9

*Doe v. St. Vincent's Servs., Inc.*,
    No. 20 Civ. 6215, 2021 WL 7909266 (E.D.N.Y. Sept. 29, 2021)..................................... 9

*Does 1-2 v. Hochul*,
    No. 21 Civ. 5067, 2022 WL 836990 (E.D.N.Y. Mar. 18, 2022) ..................................... 10

*EW v. N.Y. Blood Ctr.*,
    213 F.R.D. 108 (E.D.N.Y. 2003) ................................................................ 7

*Grottano v. The City of New York*,
    No. 15 Civ. 9242, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016) ...................................... 8

*Plaintiffs #1-21 v. County of Suffolk*,
    138 F. Supp. 3d 264 (E.D.N.Y. 2015) ................................................................................ 8

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ........................................................................................... 1, 4

*T.W. v. N.Y. State Bd. of L. Exam'rs*,
    No. 16 Civ. 3029, 2017 WL 4296731 (E.D.N.Y. Sept. 26, 2017) ...................................... 5

**Other Authorities**

Jayne S. Ressler, *#worstplaintiffever: Popular Public Shaming and Pseudonymous Plaintiffs*,
84 Tenn. L. Rev. 779, 802-03 (2017) ............................................................................................ 7

Plaintiff Jane Doe, by and through her undersigned attorneys, submits this memorandum of law in support of her application for leave to proceed under a pseudonym while litigating this case.

## PRELIMINARY STATEMENT

Plaintiff Jane Doe brings this action against Defendants for their deliberate indifference to the known risk of sexual assault that resulted in Defendant Michael Adeleke raping Ms. Doe while she was incarcerated at Bedford Hills Correctional Facility ("Bedford Hills"). This case will thus center around an issue of the utmost private and personal sensitivity—sexual abuse and the effects that abuse had on Ms. Doe's life. This case necessarily involves graphic discussions of the two sexual assaults that Ms. Doe experienced while she was incarcerated at Bedford Hills. Furthermore, Ms. Doe will need to testify about her mental health history and the emotional impact that Defendant Adeleke's sexual abuse had on her. Ms. Doe therefore seeks leave of the Court to proceed under a pseudonym because she fears (and her treating therapist confirms) that publicly identifying herself as a survivor of sexual assault while she was incarcerated will compound the emotional injuries that she has already suffered.

Ms. Doe will provide her identity to the Court and Defendants under an appropriate protective order; she seeks only to proceed under a pseudonym in public court documents. Given the lack of prejudice to Defendants and the limited public interest in requiring Ms. Doe to proceed under her legal name, this Court should grant Ms. Doe's motion.

## ARGUMENT

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires a complaint to "name all the parties," courts have "approved of litigat[ion] under a pseudonym in certain circumstances." Fed. R. Civ. P. 10(a); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In finding that a plaintiff is entitled to proceed under a pseudonym, this Court

must "balance [the] plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants[.]" *Id.* at 186. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190. The Second Circuit has "note[d] with approval" a list of ten non-exhaustive factors that should be considered in determining whether to permit a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-190 (cleaned up). Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

This Court routinely finds that survivors of sexual abuse are entitled to proceed under a pseudonym. *See, e.g.*, *Doe v. Cruz*, No. 24 Civ 0989, 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024); *Doe v. Kachalia*, No. 23 Civ. 10395, 2023 WL 8452446, at *1 (S.D.N.Y. Dec. 6, 2023);

2

*Doe v. Gooding*, No. 20 Civ. 06569, 2022 WL 1104750, at *5 (S.D.N.Y. Apr. 13, 2022); *Doe v. Baram*, No. 20 Civ. 9522, 2021 WL 3423595, at *3 (S.D.N.Y. Aug. 5, 2021); Order, *Doe v. Polise Consulting Engineers*, No. 21 Civ. 00609 (S.D.N.Y. Jan. 28, 2021) ECF No. 11; Order, *Doe v. Kogut*, No. 15 Civ. 7726 (S.D.N.Y. Oct. 20, 2015) ECF No. 8; Minute Entry, *Doe v. Montefiore Medical Center*, No. 12 Civ. 00686 (S.D.N.Y. Mar. 22, 2012).

Here, Plaintiff Jane Doe's interest in proceeding under a pseudonym outweighs any minimal interest the public may have in knowing her identity. Furthermore, Defendants would not suffer any prejudice if Ms. Doe were to proceed under a pseudonym. Therefore, this Court should grant her request to proceed under a pseudonym during this litigation.

## I.     MS. DOE HAS A SIGNIFICANT INTEREST IN PROCEEDING UNDER A PSEUDONYM

### A.     Ms. Doe's Case Involves Highly Sensitive and Personal Matters

Ms. Doe has a substantial privacy right in maintaining her anonymity towards the public as she discloses highly sensitive, intimate, and personal information through this litigation.

"[S]exual assault allegations . . . are undoubtedly of a highly sensitive and personal nature, and sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Cruz*, 2024 WL 1465928, at *2 (internal quotations and citation omitted). These cases typically involve in-depth discussions of the most private and traumatic moments of the victim's life. As such, they should be treated with the utmost sensitivity and merit strong privacy protections. *See, e.g., id.*; *Gooding*, 2022 WL 1104750 at *5 ("Plaintiff has an undeniable privacy interest given the personal sensitivity of her allegations."); *Baram*, 2021 WL 3423595, at *3 ("The details of [the sexual assaults] will undoubtedly feature prominently in this case, and Doe has a strong right to privacy in this information."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196

(E.D.N.Y. 2006) ("[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault.") (collecting cases).

Ms. Doe's allegations in this case involved exceptionally sensitive and personal facts. Defendant Adeleke brazenly raped Ms. Doe twice. *See* Compl. ¶¶ 1, 98-122; *see also* Doe Decl. ¶ 3. Over the course of this case, Ms. Doe will have to go into painstaking detail about these two sexual assaults, including graphic details regarding sexual acts themselves. *See* Compl. ¶¶ 98-122; *see also* Doe Decl. ¶ 6-8. Additionally, Ms. Doe will have to reveal confidential health information, including her mental health history prior to the assault, her medical history leading up to the assault, her physical examination in the immediate aftermath of the assault, and her mental health treatment since the assault. *See id.* ¶¶ 7-10. She will also likely have to discuss her personal history of suffering through other sexual abuse. *See id.* ¶¶ 8, 11-12. All these facts are highly sensitive and personal, and thus, Ms. Doe is a "paradigmatic example of [an individual] entitled to a grant of anonymity." *Kolko*, 242 F.R.D. at 195.

## B.    Disclosure of Her Identity Poses a Risk of Substantial Harm to Ms. Doe

Ms. Doe's substantial and reasonable fear that publicly identifying herself as a survivor of sexual assault would cause her further mental injury also weighs in favor of this Court granting her motion to proceed under a pseudonym.

### 1.    Ms. Doe Has a Reasonable Fear of Psychological Harm

First, Ms. Doe has a reasonable fear that she would suffer severe mental harm if she was required to publicly name herself as a survivor of sexual abuse. *See Cruz*, 2024 WL 1465928, at *2. Disclosure of a plaintiff's identity "poses a risk of … mental harm" under *Sealed Plaintiff*, 537 F.3d at 190, when there is "a serious risk of harm to plaintiff's mental health[.]" *Kolko*, 242 F.R.D. at 196. Where there is evidence that the challenged incident caused lasting psychological

trauma to the plaintiff, which would be exacerbated by public disclosure of their identity, anonymity is warranted. *See id.*

Ms. Doe has already suffered unimaginable emotional distress because of this abuse. *See* Doe Decl. ¶¶ 13-15; *see also* Gorelick Decl. ¶¶ 8-11. Publicly disclosing her identity would revictimize her, risking that everyone whom Ms. Doe regularly interacts with presently and in the future could learn about these traumatic rapes. *See* Doe Decl. ¶¶ 16-17; *see also* Gorelick Decl. ¶¶ 13-16. Ms. Doe is certain that public disclosure of her name, particularly given her personal history of sexual abuse predating the sexual assault at issue in this case, will cause her further psychological injury by "amplify[ing her] anxiety, PTSD, and other psychological injuries" and "compound[ing her] feelings of shame, pain, and sadness around the sexual assaults[.]" *See* Doe Decl. ¶¶ 14-17; *see also T.W. v. N.Y. State Bd. of L. Exam'rs*, No. 16 Civ. 3029, 2017 WL 4296731, at *5 (E.D.N.Y. Sept. 26, 2017) ("The complaint details T.W.'s medical history, including depression, anxiety, panic attacks, and cognitive impairments . . . Although T.W.'s medical conditions are not necessarily uncommon, these alleged concerns are meaningful and are not counterbalanced by any prejudice to Defendants if the case proceeds under a pseudonym."). Ms. Doe's documented history of physical and sexual abuse leaves her particularly vulnerable to further psychological injuries in connection with this case. *See* Doe Decl. ¶¶ 8, 10, 12, 14.

In her declaration filed in support of Ms. Doe's request to proceed using a pseudonym, Ms. Doe's treating therapist, Jessica Gorelick, LCSW, substantiates the potential harm to Ms. Doe. *See* Gorelick Decl. ¶¶ 13-16; *see also Doe v. Doe*, No. 20 Civ. 5329, 2020 WL 6900002, at *2 (E.D.N.Y. Nov. 24, 2020) ("The plaintiff has also provided a letter from a therapist whose clinical opinion is that plaintiff would be mentally and emotionally impacted if her information is

made public in this case . . . which weighs in favor of her anonymity[.]" (cleaned up)); *see also Cruz*, 2024 WL 1465928, at *2 (granting motion to proceed under a pseudonym when plaintiff provided therapist testimony stating public disclosure of name would exacerbate anxiety, depression, and dysregulated internal states that stem from abuse); *Kolko*, 242 F.R.D. at 196 (finding declaration from plaintiff's psychologist was "sufficiently particularized and specific to establish a serious risk of harm to plaintiff's mental health"). Specifically, Mr. Gorelick states the following:

> In my professional opinion, forcing Ms. Doe to proceed under her legal name in this lawsuit would cause Ms. Doe significant and detrimental emotional harm. This is especially true given the specific factual circumstances of the abuse experienced by Ms. Doe. Notably, when Ms. Doe was abused, she was in an extremely vulnerable state due to her incarceration and her compromised physical health following her hip replacement and subsequent dislocation. When her abuser assaulted her in this state, Ms. Doe experienced a complete loss of control and autonomy that severely traumatized her. Requiring Ms. Doe to proceed in this lawsuit under her legal name would replicate the loss of agency and control that Ms. Doe experienced when she was abused, effectively retraumatizing her. I believe that requiring Ms. Doe to reveal her name in connection with this lawsuit would be dangerous to Ms. Doe's mental health and set her back in her recovery.

Gorelick Decl. ¶¶ 13-16 (cleaned up). Ms. Gorelick's professional opinion is compelling evidence that Ms. Doe would experience substantial psychological harm if forced to disclose her identity. Ms. Gorelick has treated Ms. Doe for several years and is highly familiar with Ms. Doe's mental state and the impact of the underlying sexual assaults on Ms. Doe's mental health. *See id.* at ¶¶ 4-12. Based on Ms. Doe's and Ms. Gorelick's sworn declarations, this Court should find that the risk of psychological harm to Ms. Doe also weighs heavily in favor of allowing Ms. Doe to proceed under a pseudonym.

Ms. Doe is particularly vulnerable to harm in the current age of the internet. In an increasingly technological world, "when a plaintiff files a suit using her real name, that plaintiff's identity and her claim can swiftly be revealed to millions of people." Jayne S. Ressler, *#worstplaintiffever: Popular Public Shaming and Pseudonymous Plaintiffs*, 84 Tenn. L. Rev. 779, 802-03 (2017). "[I]t is now possible to determine whether a given individual is a party to a lawsuit in federal court anywhere in the country by the simplest of computer searches, to access the docket sheet of any such case electronically, and that entire case files will be accessible over the Internet . . . Given the ease with which the public could access court files in this case, it is reasonable that plaintiff's fears extend beyond ostracism in the [community where the abuse occurred]." *Kolko*, 242 F.R.D. at 197 (cleaned up). In requiring Ms. Doe to litigate this case under her legal name, this Court would, in essence, be sentencing Ms. Doe to a life of revictimization. To prevent this substantial harm, this Court should grant Ms. Doe leave to use a pseudonym.

### C.    Defendants' Status as Government Employees Further Supports Ms. Doe's Anonymity

The fact that this case challenges governmental conduct—the deliberate indifference of DOCCS employees to the known risk of sexual abuse to Ms. Doe—further supports Ms. Doe's motion to proceed under a pseudonym. "[W]here a plaintiff attacks governmental activity… the plaintiff's interest in proceeding anonymously is considered particularly strong." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). That is because "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [the plaintiff's] rights." *Id.* In addition, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*; *see also Kolko*, 242 F.R.D. at 195 ("[W]hether the

defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual."). In this case, Ms. Doe challenges the actions of New York State DOCCS employees.

That Ms. Doe is suing Defendants in their individual capacities does not change the analysis that this suit challenges government conduct. In *Grottano v. The City of New York*, this Court held that although the plaintiff sued individual correctional officers, "[p]laintiffs' alleged sexual assault at the hands of Rikers corrections officers and guards implicates a public interest and the . . . corrections officers are not ordinary private parties, but instead individuals who perform an important public service." No. 15 Civ. 9242, 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016) (citation omitted) (cleaned up). The same reasoning applies to this case, where Defendants are all DOCCS employees who were tasked to perform the important public service, amongst others, of protecting incarcerated individuals from sexual abuse.

## II.    DEFENDANTS ARE NOT PREJUDICED BY MS. DOE'S ANONYMITY

Because Ms. Doe is willing to disclose her identity to Defendants pursuant to an appropriate protective order (while shielding her identity from public disclosure), Defendants are not prejudiced by Ms. Doe proceeding under a pseudonym "and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed." *Cruz*, 2024 WL 1465928, at *2 (citation omitted).

Ms. Doe does not seek to proceed anonymously in front of Defendants and this Court. Where defendants can access a plaintiff's identity for purposes of discovery, they cannot credibly claim any prejudice. *See Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 277-78 (E.D.N.Y. 2015). Courts have thus repeatedly approved the use of pseudonyms where plaintiffs agree to (confidentially) provide their names to Defendants for discovery purposes. *See, e.g.,*

*Cruz*, 2024 WL 1465928, at *2; *Baram*, 2021 WL 3423595, at *3; *Kolko*, 242 F.R.D. at 198;

*Doe v. Smith*, 105 F. Supp. 2d 40, 44-45 (E.D.N.Y. 1999); *Gooding*, 2022 WL 1104750, at *5;

*Doe on behalf of Doe No.1 v. Nygard*, No. 20 Civ 6501, 2020 WL 4890427, at *3 (S.D.N.Y.

Aug. 20, 2020).

That is the case here. Ms. Doe is concerned about her name becoming known *to the*

*public*; she understands that she will be required to identify herself to the Court and Defendants

for purposes of this litigation. *See* Doe Decl. ¶¶ 6, 14, 16. She is ready and willing to provide her

full name to Defendants and this Court under an appropriate protective order limiting disclosure

of her identity to only parties to this litigation and their counsel, and she is prepared to participate

in discovery. The only burden on Defendants is "the need to make redactions and take measures

not to disclose [Ms. Doe's] identity"—a minimal imposition. *Kolko*, 242 F.R.D. at 198. This

factor supports permitting Ms. Doe to use a pseudonym.

## III.    THERE IS NO PUBLIC INTEREST IN DISCLOSING MS. DOE'S IDENTITY

The public interest will not be harmed if Ms. Doe proceeds with this lawsuit under a

pseudonym. In fact, forcing Ms. Doe to proceed under her legal name would *harm* the public

interest. Where requiring a plaintiff to disclose her identity could have a chilling effect on

similarly situated future litigants, courts regularly permit anonymity. *See, e.g.*, *Baram*, 2021 WL

3423595 at *3 ("[I]n general, the public has a strong interest in protecting the identities of sexual

assault victims so that other victims will not be deterred from reporting such crimes." (quoting

*Kolko*, 242 F.R.D. at 195) (cleaned up)); *Doe v. Colgate Univ.*, No. 5:15 Civ. 1069, 2016 WL

1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling

effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar

situations."); *Doe v. St. Vincent's Servs., Inc.*, No. 20 Civ. 6215, 2021 WL 7909266, at *3

(E.D.N.Y. Sept. 29, 2021) (recognizing that "[b]y requiring Plaintiff to disclose his HIV status,

the Court risks chilling others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief[,]" and allowing anonymity) (internal quotation marks and citation omitted and alterations adopted)). Most recently, this Court reiterated this concern in *Doe v. Cruz*, stating that denying anonymity to survivors of sexual abuse "would chill potential action[s]" of this nature. 2024 WL 1465928, at *2 (quotation marks omitted) (cleaned up). This is not a speculative fear; survivors of sexual assault may decide not to move forward with their case when their motions to proceed anonymously are denied.

The privacy interest at stake for Ms. Doe is vital. She seeks to maintain anonymity due to the highly sensitive and personal nature of her claims and to prevent substantial psychological harm that are certain to arise from public disclosure of her name. *See* Doe Decl. ¶¶ 6, 12-16. This essential privacy interest outweighs any minimal public interest in the specifics of her claims.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiff Jane Doe's motion to proceed anonymously. *See Does 1-2 v. Hochul*, No. 21 Civ. 5067, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (granting motion to proceed anonymously "primarily due to the fact that there is little to no prejudice to Defendants at this stage, balanced against a credible possibility of harm to Plaintiffs if they are required to reveal their identities").

If the Court is disinclined to grant this motion, Plaintiff requests that the Court allow her to proceed anonymously until trial—at which point the parties may revisit the issue of anonymity *See Gooding*, 2022 WL 1104750, at *1.

Dated:      New York, New York
              August 21, 2025

By:          /s/              

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Sydney Zazzaro
Katherine Rosenfeld
One Rockefeller Plaza, 8th Fl.
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*