UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JANE DOE,

|  |  |
|---|---|
| Plaintiff, | **ORDER** |
| -against- | 25 Civ. 6930 (KMK) (AEK) |

MICHAEL ABIDEMI ADELEKE,
CAPTAIN PAUL ARTUZ, MARTHA BALL,
JASON EFFMAN, BRETT FUSCO,
AILEEN MCCARTHY, EILEEN RUSSELL,
LAURA SCHADE, SHARON SIMONS,
PATRICIA TSURUGA,
JOHN AND JANE DOES 1-15, Corrections
Officers, Bedford Hills Correctional Facility;
JOHN AND JANE SMITH 1-15, Medical
Staff Employees, Bedford Hills Correctional
Facility,

Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court has received and reviewed the revised "Stipulation of Confidentiality and

Proposed Protective Order" (the "Proposed Order") filed by Plaintiff and the OAG Defendants,

which reflects the points discussed at the July 30, 2026 status conference. ECF No. 60-1. As

noted by counsel, the Proposed Order was submitted without Defendant Adeleke's signature.[1]

Accordingly, the Court cannot treat the filing as a "stipulation" among all parties; instead, the

---

[1] Counsel informed the Court that Defendant Adeleke did not respond to Plaintiff's email enclosing the Proposed Order. ECF No. 60. When the parties first submitted their competing versions of the proposed confidentiality and protective order, they reported that Defendant Adeleke stated to counsel that "he did not understand what the orders were intending to do." ECF No. 55 at 1 n.1. The purpose of the contemplated confidentiality and protective order was discussed in detail at the July 30, 2026 conference, at which Defendant Adeleke was present.

Court will consider the filing as a proposed order submitted jointly on behalf of Plaintiff and the OAG Defendants, and will issue the document as an order of the Court applicable to all parties.

The Court writes specifically here to address the portions of the Proposed Order that pertain to "Attorney's Eyes Only Material," and how such material will be provided to Defendant Adeleke. *See, e.g.*, Proposed Order ¶¶ 3, 5, 12.

The Proposed Order limits Defendant Adeleke's ability to access any documents or other things marked as "Attorney's Eyes Only Material." *See id.* Paragraph 3 of the Proposed Order lists specific categories of information that may be designated as Attorney's Eyes Only Material, including all documents containing Plaintiff's personal identifying information, all records concerning Plaintiff's medical and mental health care history, all documents within the confidential files of DOCCS OSI, and any documents that contain personal identifying information of non-party victims. *Id.* ¶ 3. Paragraph 12(c) of the Proposed Order specifies that Defendant Adeleke will only receive "a redacted copy" of anything marked as "Attorney's Eyes Only Material," "unless otherwise agreed by the parties or directed by the Court." *Id.* ¶ 12(c).

There are many ways in which documents can be produced with redactions—in certain circumstances, the redactions may cover only discrete items of information (such as dates of birth or names), while still allowing the reader to understand the contents of the remainder of the document; in other instances, the redactions may cover entire paragraphs, or even entire pages, such that the reader would not be able to understand what he or she is reviewing without further information. At this early stage of discovery, it is not clear what the scope of redactions will be in the documents that are marked as "Attorney's Eyes Only Material" and produced to Defendant Adeleke in redacted form, or how easy or difficult it will be for Defendant Adeleke to determine what information has been redacted from these documents. Paragraph 5 of the Proposed Order

2

provides a procedure by which parties are able to object to the designation of any document as "Attorney's Eyes Only Material," but this procedure is only meaningful if the receiving party understands what is being withheld.

In fashioning appropriate procedures for the exchange of discovery in this case, this Court is mindful of the fact that courts have held that a *pro se* party, as a party to an action, "must have access to the materials that an attorney would if he were represented by counsel." *Roberto Coin, Inc. v. Goldstein*, No. 18-cv-4045 (EK) (ST), 2020 WL 13564045, at *4 (E.D.N.Y. Mar. 30, 2020) (ordering plaintiff to serve copies of sealed exhibits in support of a motion for summary judgment on *pro se* defendant).[2]  That said, courts have approved various procedures for limiting access to materials by *pro se* parties during the course of litigation in light of the particular facts and circumstances of the cases.  *See Brown v. Trovato*, No. 23-cv-9895 (JGLC) (KHP), 2024 WL 4276675, at *3 (S.D.N.Y. Sept. 23, 2024) (ordering documents to be produced to *pro se* defendant with appropriate redactions); *Romano v. Ulrich*, No. 13-cv-633W, 2016 WL 6875719, at *2 (W.D.N.Y. Nov. 22, 2016) (denying *pro se* plaintiff's motion to compel production of personnel records, but ordering defendants to produce a privilege log identifying documents that would have been produced to counsel so plaintiff could learn of the existence of the documents); *Allen v. Keanan*, No. 13-cv-718 (LJV), 2016 WL 11602226, at *10 (W.D.N.Y. Aug. 24, 2016) (denying *pro se* plaintiff's motion to compel where redactions would

---

[2]  In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Defendant along with this Order.

not mitigate security risks and plaintiff would not be prejudiced), *adopted by*, 2019 WL 1486679 (W.D.N.Y. Apr. 4, 2019).

Here, for Defendant Adeleke to understand what is being withheld in the "Attorney's Eyes Only Material" documents or other things that are produced to him, and to permit him to make informed determinations regarding whether he needs to invoke the dispute procedures under Paragraph 5 of the Proposed Order, it is hereby ordered that any party that produces documents or other things designated as "Attorney's Eyes Only Material" to Defendant Adeleke, and redacts the documents or other things in accordance with Paragraph 12(c) of the Proposed Order, must provide a detailed log with an appropriate description of the withheld information. If Defendant Adeleke objects to the designation of any documents or other things as "Attorney's Eyes Only Material," he must proceed according to the procedure set forth in Paragraph 5 so that the parties can meet and confer and determine whether any compromise resolution is possible.

Dated:  August 7, 2026
        White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge


A copy of this Order has been mailed by Chambers to the *pro se* Defendant at his address of record on the docket.