UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JANE DOE,

Plaintiff,

-against-

MICHAEL ABIDEMI ADELEKE, CAPTAIN PAUL ARTUZ, MARTHA BALL, JASON EFFMAN, BRETT FUSCO, AILEEN MCCARTHY, EILEEN RUSSELL, LAURA SCHADE, SHARON SIMONS, PATRICIA TSURUGA, JOHN AND JANE DOES 1-15, Corrections Officers, Bedford Hills Correctional Facility; JOHN AND JANE SMITH 1-15, Medical Staff Employees, Bedford Hills Correctional Facility,

Defendants.
-----------------------------------------------------------x

**ORDER**

25 Civ. 6930 (KMK) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

At the initial conference before this Court on June 15, 2026, pro se Defendant Adeleke indicated that he had made efforts to obtain counsel, but that he could not afford an attorney, and had been unable to secure the assistance of any pro bono legal services. This initial discussion included, among other things, Defendant Adeleke's concerns about his deposition in this case, which at that time had been scheduled for July 7, 2026. The Court has interpreted Defendant Adeleke's on-the-record comments as an application for the Court to request pro bono counsel to assist him. For the reasons set forth below, that application is GRANTED, and the Court will request that pro bono counsel appear for the limited purpose of representing Defendant Adeleke in connection with his deposition, which is now scheduled for December 1, 2026.

Although Defendant Adeleke's on-the-record request arises in the less common context of a pro se defendant as opposed to a pro se plaintiff, under 28 U.S.C. § 1915(e)(1), the Court

"may request an attorney to represent any person unable to afford counsel." *See Hinchliffe Sports Partners, LLC v. Football Is for the Fans Ltd.*, No. 25-cv-06984 (RA) (SDA), 2025 WL 2947802, at *1 (S.D.N.Y. Oct. 3, 2025) ("the statute authorizing the appointment of pro bono counsel in civil actions applies to both plaintiffs and defendants"). "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."[1] *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171-72 (2d Cir. 1989); *UMG Recordings, Inc. v. McClean*, No. 04 -cv-8470 (KMW) (JCF), 2005 WL 1863674, at *1 (S.D.N.Y. Aug. 4, 2005) (requesting appearance of pro bono counsel for pro se defendant).[2]

For the purposes of addressing Defendant Adeleke's application, the Court construes his answer liberally and assumes that he has asserted plausible defenses, such that he satisfies the threshold requirement under *Hodge*. *See Akinlawon v. Polonco*, No. 21-cv-2621 (KMK), 2025 WL 887621, at *11 (S.D.N.Y. Mar. 21, 2025). The remaining factors governing requests for pro bono counsel also favor granting Defendant Adeleke's application for this limited purpose. Defendant Adeleke has stated that he has made efforts to find counsel and that he cannot afford representation, and his upcoming deposition will be a crucial aspect of his defense in this litigation. Moreover, it is the Court's view that the deposition questioning could touch upon issues that would impact Defendant Adeleke beyond this pending litigation, which provides an additional reason why requesting pro bono counsel is appropriate here. Accordingly, the Court

---

[1] Even if a court does believe that a litigant should have a lawyer, a court has no authority to "appoint" counsel in a civil case, but instead may only "request" that an attorney volunteer to represent a litigant. *See Morrow v. Janis*, No. 23-cv-3224 (NSR) (AEK), 2025 WL 3124667, at *1 (S.D.N.Y. Nov. 7, 2025).

[2] The Court notes that in a different context, Plaintiff's counsel suggested that the Court request that a volunteer attorney act as counsel for Defendant Adeleke. *See* ECF No. 55 at 5.

will request that counsel appear for the limited purpose of representing Defendant Adeleke in connection with his deposition.

Under the Court's Second Amended Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-mc-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating this case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* Dkt. No. 16-mc-78, ECF No. 3. Pro bono counsel will not be obligated for any aspect of Defendant Adeleke's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant Adeleke will end upon completion of his deposition. Upon the filing by pro bono counsel of a notice of completion, pro bono counsel's representation of Defendant Adeleke in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant Adeleke or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, Defendant Adeleke's application for the Court to request counsel is GRANTED, to the limited extent set forth above.

The Court advises Defendant Adeleke that there are no funds to retain counsel in civil cases and that the Court relies on volunteers. Accordingly, some time may pass before counsel volunteers to represent him. If an attorney volunteers, the attorney will contact Defendant Adeleke directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant Adeleke should be prepared to proceed with his deposition in this case without an attorney. Of course, if an attorney offers to take the case, it is entirely Defendant Adeleke's decision whether to retain that attorney or not.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Defendant Adeleke at his address of record on the docket.

Dated: October 21, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge